UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 22-03361 MWF (KSx) | **Date:** August 5, 2022 |
| **Title:** Oswaldo Sanchez Hernandez v. Ford Motor Company | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [11]

Before the Court is Plaintiff Oswaldo Sanchez Hernandez's Motion to Remand Case to Los Angeles Superior Court (the "Motion"), filed on June 24, 2022. (Docket No. 12). Defendant Ford Motor Company filed an Opposition on July 1, 2022. (Docket No. 14). Plaintiff filed a Reply on July 11, 2022. (Docket No. 16).

The Motion was noticed to be heard on **July 25, 2022**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was also consistent with General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

For the reasons stated below, the Motion is **DENIED**. The Court has diversity jurisdiction over Plaintiff's claims because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

## I. BACKGROUND

Plaintiff commenced this action on March 4, 2022, in the Los Angeles County Superior Court ("LASC"). (*See* Notice of Removal; Exhibit 1 (the "Complaint") (Docket No. 1-2)). The Complaint alleges that Ford violated its obligations under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 22-03361 MWF (KSx)          Date: August 5, 2022
Title:      Oswaldo Sanchez Hernandez v. Ford Motor Company

certain express and implied warranties regarding a defective vehicle that Plaintiff purchased. (*Id.* ¶ 4).

On April 30, 2018, Plaintiff leased a 2018 Ford F-150 (the "Vehicle") from Ford of Montebello, California. (Motion at 7). Years later, on April 11, 2021, Plaintiff purchased the Vehicle from the same dealership under a "purchase option" in the lease agreement. (*Id.*). Plaintiff claims that the Vehicle experienced "defects and nonconformities" related to the transmission and engine. (Complaint ¶¶ 14–15). After numerous repair attempts, Ford was unable to conform the Vehicle to the applicable express warranty. (*Id.* ¶ 18).

Plaintiff initiated this action in LASC, alleging two claims under California's Song-Beverly Consumer Warranty Act for violation of express and implied warranties. (*Id.* ¶¶ 13–38). Ford removed the action to this Court on May 18, 2022. (Notice of Removal at 1).

## II.     LEGAL STANDARD

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Taylor v. United Road Services*, CV 18-00330-LJO (JLTx), 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86-87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)). The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566). Removability is determined based on the removal notice and the complaint as it existed at the time of removal. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-03361 MWF (KSx)          **Date:** August 5, 2022
**Title:** Oswaldo Sanchez Hernandez v. Ford Motor Company

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states."

## III. DISCUSSION

Plaintiff seeks remand of this action because he believes the Court lacks diversity jurisdiction. First, Plaintiff argues that Ford's removal was untimely. (Motion at 9). Second, Plaintiff argues that the amount in controversy should not include civil penalties and attorneys' fees and therefore does not exceed $75,000. (Motion at 10).

Because the parties do not appear to contest whether they are in fact diverse in terms of citizenship, and the parties have set forth that they are citizens of different states (California for Plaintiff and Delaware and Michigan for Defendant), the Court concludes that diversity of citizenship is satisfied.

### A. Timeliness of Removal

Under 28 U.S.C. § 1446(b)(1), a defendant may file a notice of removal within 30 days after receiving a copy of the initial pleading or summons. Ford received the Complaint on March 9, 2022, but it did not remove the action until May 18, 2022, which is 40 days after the deadline.

Ford argues that its delay was caused by Plaintiff's failure to allege a specific amount at issue in the Complaint. Once Ford received the purchase documents from the dealership, it affirmed that the amount in controversy exceeded $75,000 and removed the action the next day. (Opposition at 8).

The Court need not consider the merits behind Ford's delay because Plaintiff has waived his right to pursue a motion for remand based on procedural defects. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within ***30 days*** after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447 (emphasis added); *see also Herrera v. Ford Motor Co.*, No. CV 21-4731-PA (MARx), 2022 WL 562267, at *3 (C.D. Cal. Feb. 24, 2022)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-03361 MWF (KSx)          **Date:** August 5, 2022
**Title:** Oswaldo Sanchez Hernandez v. Ford Motor Company

("Unlike a lack of subject matter jurisdiction, a Plaintiff challenging a procedural deficiency must do so within 30 days after the filing of the Notice of Removal.").

Plaintiff filed this Motion on June 24, 2020, which is 37 days after Ford removed the action. Therefore, Plaintiff's timeliness objection is waived. *See* 28 U.S.C. § 1447.

### B.    Amount in Controversy

In cases "[w]here . . . it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quotation marks and citations omitted).

In assessing the amount in controversy, courts consider "allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016).

As a threshold matter, the amount in controversy is unclear from the face of the Complaint. (*See* Complaint). Therefore, Ford bears the burden of establishing that the amount in controversy exceeds $75,000.

#### 1.    Actual damages

Plaintiff seeks general, specific, and actual damages under the Song-Beverly Act. (*See* Complaint at 5). The Act allows the buyer of an automobile to recover for the automobile manufacturer's violation of an express warranty. *See* Cal. Civ. Code § 1793.2. The Act provides that such a buyer can recover "the actual price paid or payable by the buyer" less "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor . . .

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-03361 MWF (KSx)          **Date:** August 5, 2022
**Title:** Oswaldo Sanchez Hernandez v. Ford Motor Company

for correction of the problem that gave rise to the nonconformity." *See* Cal. Civ. Code § 1793.2(d)(2). The amount directly attributable to the buyer's use of the vehicle is computed taking the number of miles driven by the buyer prior to the first relevant repair, dividing by an assumed 120,000 mile life expectancy of the car, and multiplying the result by the "the actual price paid or payable by the buyer." *See id.*

Here, Plaintiff leased the Vehicle before purchasing it. The total amount Plaintiff owed under the lease was $22,020.00. (Notice of Removal at 4). Plaintiff eventually bought the Vehicle at the end of the lease under a "purchase option," which allowed Plaintiff to purchase the Vehicle for $27,901.50, plus official fees and taxes. (*Id.*). In total, Plaintiff paid $50,327.28 to purchase the Vehicle. (*Id.* at 5). In the Notice of Removal, Ford claims that, based on similar cases filed by Plaintiff's counsel, it anticipates that Plaintiff will seek damages for both the lease payments and the total sales price, so the value of the Vehicle should be $72,347.28. (*Id.*). It is unclear how Ford comes to this conclusion, as the "similar cases" Ford mentions are not cited. Therefore, the Court will resume calculations with an understanding that Plaintiff seeks $50,327.28 less the statutory mileage offset.

The vehicle was leased with 28 miles on the odometer. (*Id.*). Ford asserts, and Plaintiff does not dispute, that the first time Plaintiff delivered the vehicle for repairs, the vehicle had 11,592 miles. (*Id.*). Accepting these undisputed facts for the purposes of determining jurisdiction, Plaintiff had driven 11,564 miles before the first delivery, so the amount directly attributable to Plaintiff's use of the vehicle is $4,849.87. Accordingly, the amount of actual damages Plaintiff may collect under the Song-Beverly Act is $45,477.41.

      **2.**    **Civil penalties**

In addition to the damages computed above, the Song-Beverly Act permits plaintiffs to recover up to two times the amount of actual damages. *See* Cal. Civ. Code § 1794(c). Plaintiff seeks to recover this civil penalty, as it is clearly stated in his prayer for relief. (Complaint at 5). If Plaintiff prevails in this regard, Plaintiff would effectively be entitled to treble damages, or up to at least $136,432.23. This would place the amount in controversy above the requisite jurisdictional threshold of $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-03361 MWF (KSx)          **Date:** August 5, 2022
**Title:**     Oswaldo Sanchez Hernandez v. Ford Motor Company

      Plaintiff argues that the Court should not include the civil penalties authorized by the Song-Beverly Act in its computation of the amount in controversy, but the Court is not convinced. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). While the Song-Beverly Act does not expressly provide for punitive damages, "[c]ourts have held that the civil penalty under the Song-Beverly Act is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citations omitted). Therefore, "there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy." *Id.* Indeed, other courts have factored in the Song-Beverly Act's civil penalties when determining the amount in controversy. *See, e.g., id.*; *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("Song-Beverly civil penalties are akin to punitive damages and ought to be treated the same for the purposes of [amount in controversy] analysis"); *Elenes v. FCA US LLC*, CV 16-05415-CAS (ASx), 2016 WL 6745424, at *5 (C.D. Cal. Nov. 14, 2016) ("Plaintiffs allege that FCA has 'willfully failed to comply with its responsibilities under the Act.' Accordingly, the amount in controversy estimate may include a civil penalty."); *Lawrence v. FCA US LLC*, CV 16-05452-BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) ("Combining the possibility of Plaintiff's restitution along with her recoverable civil penalties, the Court finds that it is more likely than not that the amount in controversy under Song-Beverly is $81,554.13").

      To the extent Plaintiff argues that Ford has not met his burden because it fails to prove that a civil penalty will be awarded by a preponderance of the evidence, the Court disagrees. In a motion to remand, where the amount of controversy is not clear from the face of the complaint, the non-moving party bears the burden of proving the amount ***in controversy***, not the amount itself. *See Rahman v. FCA US LLC*, No. 2:21-CV-02584-SB (JCx), 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021) ("Defendant is not required to prove the case against itself.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 22-03361 MWF (KSx)          **Date:** August 5, 2022
**Title:** Oswaldo Sanchez Hernandez v. Ford Motor Company

The Court concludes that Ford has met its burden of showing, by a preponderance of the evidence, that the amount in controversy that Plaintiff seeks under the Song-Beverly Act exceeds the requisite jurisdictional threshold of $75,000.

### 3.     Attorneys' fees

Plaintiff also seeks attorneys' fees through his Complaint. (Complaint at 6). Because the amount in controversy already exceeds $75,000 after factoring in Plaintiff's requested civil penalties, the Court need not reach this issue.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.